# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLA A. POLION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. SACV 12-0743-DTB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

## BACKGROUND

Plaintiff filed a Complaint herein on May 5, 2012, seeking review of the Commissioner's denial of her applications for Disability Insurance Benefits and Supplemental Security Income. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on March 21, 2013. The matter was taken under submission and on July 10, 2013, the Court issued an Order Reversing Decision of Commissioner and Remanding for Further Administrative Proceedings. On August 14, 2013, the Court ordered an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") for the amount of $4,600.00. Thereafter, following further administrative proceedings, plaintiff received a favorable decision awarding her disability benefits. After plaintiff's back-due benefits were processed, $14,910.75 was

withheld by defendant as 25% of plaintiff's past-due benefits award for the payment of attorney's fees.

On November 6, 2014, plaintiff's counsel filed a Motion for Authorization of Attorney Fees under 42 U.S.C. § 406(b) ("Motion") along with a supporting Memorandum of Points and Authorities and Declarations of Erika Drake and Roger Drake ("Counsel"), in support thereof. Counsel seeks a fee award for work performed before this Court in the net amount of $10,300.00 (gross section 406(b) fee of $14,900.00 minus $4,600.00 EAJA fee). On December 8, 2014, defendant filed a Statement of Defendant's Non-Party Analysis ("Statement") wherein she advised the Court that the Commissioner was not taking a position on the reasonableness of Counsel's fee request. (Statement at 5.)

For the reasons set forth below, the Court GRANTS plaintiff's Motion.

## APPLICABLE LAW

Section 406(b)(1) of Title 42 provides:

Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . In case of any such judgment, no other fee may be payable . . . for such representation except as provided in this paragraph. 42 U.S.C. § 406(b)(1)(A).

As construed by the United States Supreme Court, section 406(b) does not replace an attorney-client agreement as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, section 406(b) calls for a court to review an attorney fee arrangement in such circumstances as an independent check, to assure that they yield reasonable results in particular cases. The only limitation provided by Congress is that such agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the

1  past-due benefits. Within this 25 percent boundary . . . the attorney for the successful
2  claimant must show that the fee sought is reasonable for the services rendered.
3  Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002)
4  (citations omitted).

5       The hours spent by counsel representing the claimant and counsel's "normal
6  hourly billing charge for noncontingent-fee cases" may aid "the court's assessment
7  of the reasonableness of the fee yielded by the fee agreement." Id. at 808. The Court
8  appropriately may reduce counsel's recovery based on the character of the
9  representation and the results the representative achieved. If the attorney is
10 responsible for delay, for example, a reduction is in order so that the attorney will not
11 profit from the accumulation of benefits during the pendency of the case in court. If
12 the benefits are large in comparison to the amount of time counsel spent on the case,
13 a downward adjustment is similarly in order. Id. (citations omitted).

14
15                                     **DISCUSSION**

16      Attached to plaintiff's Motion is a copy of the fully executed fee agreement
17 with plaintiff, which, *inter alia*, provides that Counsel shall be entitled to a
18 contingency fee of 25 percent of any back benefits received. (Motion, Exhibit 2.)
19 Nothing in the record before the Court suggests that there was any overreaching in the
20 making of the fee agreement or any impropriety on the part of Counsel in representing
21 plaintiff in her action before this Court. Further, the requested section 406(b) fee does
22 not exceed the 25 percent of plaintiff's past-due benefits authorized by the contingent
23 fee agreement in this case or the statutory cap, and Counsel's efforts ultimately proved
24 quite successful for plaintiff.
25 / / /
26 / / /
27 / / /
28 / / /

1      Moreover, the fees sought translate into an hourly rate of $562.26 for attorney services ($14,900.00 [amount of award including EAJA fee award] divided by 26.5 [total hours worked]).[1] (Motion, Exh. 3.) Based on existing authority, the fee requested is not so inordinately large in comparison with the number of hours spent by Counsel on the case that it would represent a windfall to Counsel. Accordingly, the Court finds that such an hourly rate is reasonable.

     Pursuant to Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009), this Court is unable to find that a comparison of the benefits secured and the time Counsel spent on the matter suggests the unreasonableness of the fee sought. Therefore, the Court concludes that "the fee sought is reasonable for the services rendered," within the meaning of Gisbrecht.

///
///
///
///
///

---

[1]     Post-Gisbrecht decisions have approved contingent fee agreements yielding hourly rates similar to those sought here. See Villa v. Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. 2010) (approving § 406(b) fees exceeding $1,000 per hour, and noting that "[r]educing § 406(b) fees after Crawford is a dicey business"); Droke v. Barnhart, 2005 WL 2174397, at *1-2 (W.D. Tenn. 2005) (finding that an hourly rate of $830.82 for 17.9 hours of work was not unreasonable); Claypool v. Barnhart, 294 F.Supp.2d 829, 833-34 (S.D. W.Va. 2003) (rejecting Commissioner's argument that an hourly rate of $1,433.12 for 12.56 hours of work represents a windfall); Brown v. Barnhart, 270 F.Supp.2d 769, 772-73 (W.D. Va. 2003) (awarding hourly rate of $977.20 for 6.14 hours of work before the district court); Hearn v. Barnhart, 262 F.Supp.2d 1033, 1036-37 (N.D. Cal. 2003) (awarding an hourly rate of approximately $450.00 pursuant to a contingent fee agreement and collecting post-Gisbrecht cases awarding contingent fees that translated into hourly rates ranging from $187.55 to $694.44).

**ORDER**

Section 406(b) fees are allowed in the net amount of $10,300.00, to be paid out of the sums withheld by the Commissioner from plaintiff's benefits.

DATED: January 15, 2015

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE